UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREA BLACKSHEAR, Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-02218-JRO-TAB |
| PERFORMANCE CONTRACTING, INC., Defendant. | ) | |

**ORDER ON MOTION FOR ATTORNEYS' FEES**

Defendant Performance Contracting, Inc. seeks to recover attorney's fees incurred due to Plaintiff Andrea Blackshear's deficient discovery responses and untimely supplementation. [Filing Nos. 46, 47.] "Discovery is intended to be a self-regulating process that depends on the reasonableness and cooperation of counsel." *E.E.O.C. v. Simply Storage Management, LLC*, 270 F.R.D. 430, 436 (S.D. Ind. 2010) (citing Fed. R. Civ. P. 37(a)(1)). However, in this case, Plaintiff waited until the eve of a discovery dispute conference to comply with basic discovery obligations.

Defendant's frustration with Plaintiff's lack of diligence in discovery is justified. Defendant served discovery requests on Plaintiff on January 8, 2026. Plaintiff's initial responses to discovery were deficient. Despite several communications, Plaintiff missed multiple supplementation deadlines, leading Defendant to request a S.D. Ind. Local Rule 37-1 conference to discuss the discovery dispute. The Court set a discovery conference for Monday, June 15, 2026. Late on the Friday before the conference, Plaintiff served amended answers to interrogatories that contained four additional pages of substantive supplementation. Then, less than two hours before the Monday morning conference, Plaintiff supplemented her document

production with an additional 1,124 pages of evidence. Plaintiff attributes the delay to the large volume of records [Filing No. 50, at ECF p. 4-5] but provides no satisfactory justification for waiting so long to complete this tedious, yet common, litigation task. Plaintiff's last-minute production left Defendant no reasonable opportunity to review the supplemental discovery or assess the overall sufficiency of the discovery responses before the conference. Thus, Plaintiff wasted the time of the Court and counsel by necessitating the Rule 37-1 conference.

Plaintiff argues that an award of fees would be unjust because she "produced 1,124 pages of documents, entirely, voluntarily, and before any hearing occurred without any order compelling her to do so." [Filing No. 50, at ECF p. 5.] However, this argument lacks candor. Plaintiff's late supplemental production was not "voluntary." As counsel is aware, Plaintiff was obligated to produce all materials responsive to Defendant's discovery requests, absent a valid legal basis for withholding such materials. *See* Fed. R. Civ. P. 26(g) (requiring an attorney or party to certify that based on "the best of the person's knowledge, information, and belief formed after a reasonably inquiry" that all discovery responses are "complete and correct" and authorizing sanctions for an improper certification); 26(e) (requiring supplementation of incomplete or incorrect discovery responses). Discovery compliance should not require a Court order or conference—or even the threat of a conference. Yet the facts suggest that Plaintiff "would have continued to ignore her discovery obligations until [Defendant] notified the Court to request assistance." [Filing No. 51, at ECF p. 6.] This dilatory approach to discovery is unprofessional, causes unnecessary delays, and increases litigation costs.

However, not every action that delays or increases the cost of litigation necessitates an award of fees. Defendant bases its request for fees on Fed. R. Civ. P. 37(a)(5), which mandates an award of attorney's fees when a party's opposition to discovery is not substantially justified

and discovery is received only after the filing of a motion to compel.[1] Defendant filed no motion to compel. Therefore, an award of fees—while certainly permissible—is not mandatory under the circumstances here. The Court exercises its discretion and denies Defendant's motion for attorney's fees [Filing No. 46], provided, however, that Plaintiff's counsel shall not expect a similar outcome should additional discovery disputes require the Court's attention.

Date: 8/27/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

[1] In its reply brief, Defendant argues that sanctions are also appropriate under the Court's inherent power. [Filing No. 51, at ECF p. 2.] However, "arguments raised for the first time in a reply brief are waived." *Wonsey v. City of Chicago,* 940 F.3d 394, 398-99 (7th Cir. 2019).